State of Iowa, Appellee, v. M. E. Huntley, Appellant.

No. 39917.

November 12, 1929.

Rehearing Denied June 23, 1930.

*McCoy & McCoy,* for appellant.

*Blanchard W. Preston,* County Attorney, for appellee.

Grimm, J.—On the first day of February, 1928, a petition in equity was filed in Mahaska County in the name of the State ex rel. Preston, County Attorney of Mahaska County, alleging that:

"The defendant Huntley is a bootlegger, engaged and concerned in the business of bootlegging intoxicating liquors, in that he has, by himself, servants, agents, and employees, and for himself, *kept and carried around on his person and in a vehicle* intoxicating liquor, to wit, alcohol, whisky, and other intoxicants, and has so kept and carried around in a vehicle and had

possession illegally of intoxicating liquors, and is now keeping and carrying around on his person and in a vehicle and has possession illegally of intoxicating liquors, with intent to sell and to dispose of the same by sale, gift, or otherwise.''

The prayer of the petition is, in substance, that Huntley be permanently and perpetually enjoined and restrained from bootlegging intoxicating liquors, and from keeping or carrying around on his person or in a vehicle, and from  illegally having possession of, intoxicating liquors, with intent to sell or dispose of the same, by gift or otherwise.

The original notice was served on the defendant on February 3, 1928, in Keokuk County. On April 11, 1928, the defendant filed objections to the jurisdiction, as follows:

''Comes now the defendant and appears specially, for the sole purpose of attacking the jurisdiction of the court. Such special appearance is announced at this time, and defendant alleges that this court has not jurisdiction of the defendant or of the subject-matter of this action, on the grounds that no original notice has been served upon this defendant, and that defendant is not a resident of Mahaska County, Iowa. Wherefore, defendant asks that the objections to the jurisdiction of the court be sustained.''

On June 6, 1928, the court sustained the foregoing objection to the jurisdiction, and continued the case, giving plaintiff leave to amend the return of service of the sheriff by adding a verification. On June 8, 1928, the sheriff of Mahaska County verified his return on the original notice, which return shows that the defendant was served on February 3, 1928, in Keokuk County, Iowa. On January 11, 1929, the defendant filed a motion to transfer the action from Mahaska County to the county of the residence of the defendant, upon the grounds:

''1. That, at and prior to the bringing of this action by the State of Iowa, the defendant was a resident of Keokuk County, Iowa, and is a resident of Keokuk County, Iowa, at this time.

''2. That the petition shows this is a personal action, or local action, and that said action should be brought in the county of the defendant's residence.

"3. In support of this motion, defendant attaches the affidavit of John N. McCoy, and by reference the said affidavit is made a part of this motion.

"Wherefore, defendant asks that this action be transferred to the district court of Keokuk County, Iowa; that the venue be changed to said Keokuk County, Iowa, where this matter may be tried and disposed of."

On the same day, the motion was overruled, to which ruling of the court the defendant duly excepted. Subsequently, and on the same day, the defendant filed an answer, and the cause went to trial, resulting in a decree for the plaintiff and against the defendant. On February 23, 1929, a notice of appeal was served and filed.

I. The first error relied upon for reversal challenges the action of the trial court in overruling the defendant's motion for a transfer of the case to Keokuk County, Iowa, the residence of the defendant.

It will be noted at the outset that this is not an action to abate a nuisance alleged to be maintained in a definite place, but rather, it is an action to restrain the defendant from engaging in the business of bootlegging. It is sought to restrain him from "keeping or carrying around on his person or in a vehicle" intoxicating liquors, with an intent to sell or dispose of the same in Mahaska County or in any other place in the state of Iowa.

Manifestly, had the action been brought to restrain the maintenance of a liquor nuisance in some definite locality in Mahaska County, the action would lie, regardless of the residence of the defendant. There is no claim in the record that the defendant was, at any time material to the issues, a resident of Mahaska County. It is not denied that, during all of the time in controversy, he was a resident of Keokuk County, Iowa.

It will be noted that the defendant appeared specially, and questioned the jurisdiction of the court over the defendant, and over the subject-matter of the action, on the grounds: First, that no original notice had been served upon the defendant, and second, that the defendant was not then a resident of Mahaska County.

The main question is whether, under the provisions of Sec-

tion 2031 of the Code of 1927 and the laws therein referred to, a resident of Keokuk County can be enjoined in a suit pending in Mahaska County on service made in Keokuk County, upon sufficient showing of acts of bootlegging in Mahaska County. The term "bootlegger" is defined in Section 1927 of the Code of 1927. Section 2031 definitely provides for an injunction against bootlegging. It also provides:

"All the proceedings for injunctions, temporary and permanent, * * * as defined by law, shall be applicable to such person, * * * and the fact that an offender has no known or permanent place of business or base of supplies * * * shall not prevent a * * * injunction * * * from issuing."

A careful analysis of this section clearly leads to the conclusion that the legislature intended thereby that a bootlegger might be enjoined in any county where he was found engaged in any of the acts prohibited by the law pertaining to the sale of intoxicating liquors by bootleggers. By this statute the bootlegger is, in contemplation of law, in the same category as the individual who maintains a liquor nuisance in a definitely located building in the county in question. The motion to transfer the case to Keokuk County was properly overruled.

II. It is next claimed that the court erred in entering a decree of injunction on the ground that it was not shown to the court that efforts in good faith had been made by the State to  discover the alleged base of supplies or the alleged place where the defendant conducted the unlawful business, as required by Section 2031-a1. It appears that, during the progress of the trial, the county attorney called the sheriff and the chief of police, stating in open court that he desired to show that such efforts had been made. Whereupon the defendant's counsel stated:

"You don't need to call them in. We will concede all that. The only question we are concerned with is as to the jurisdiction. We claim that you can't get an injunction in Mahaska County against a resident in Keokuk County."

In this state of the record, the objection is not well taken.

III. The third error relied upon for reversal is the taxa-

tion of a $35 attorney fee to the county attorney. We are unable to find on the record that this claim was raised in the court below. It cannot be raised for the first time here.

We have carefully examined the entire record in this case, and find no cause for reversal. The case is—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.